UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2012 DEC 11  PM 2: 32

BY_____
        DEPUTY CLERK

DOREEN FORAUER, individually and on behalf of others similarly situated,

      Plaintiff,

vs.

THE VERMONT COUNTRY STORE, INC.,

      Defendant.

Case No.: 5:12-cv-276

## COMPLAINT – COLLECTIVE ACTION (FLSA)

### JURISDICTION

1.    This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. §1331 because these claims are brought under the Federal Fair Labor Standards Act, 29 U.S.C. §201 et seq. (the "FLSA").

2.    This Court also has jurisdiction over the FLSA claims pursuant to 29 U.S.C. §216(b).

3.    Venue is proper in the United States District Court, District of Vermont, under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

### PARTIES

4.    Defendant The Vermont Country Store, Inc. is, upon information and belief, a Vermont corporation, maintaining its principal place of business in Manchester, Vermont. It

1

is engaged in the marketing and retail sale of home products through catalogues and the internet, with call centers and order fulfillment facilities in several locations within the state of Vermont.

5. Defendant is an employer as defined by 29 U.S.C. §203(d).

6. Plaintiff Doreen Forauer ("Plaintiff Forauer") is a former employee of Defendant. Defendant employed Plaintiff Forauer as a customer service representative at its call center from approximately October 2004 to February 19, 2012. During the last six years of her employment Plaintiff Forauer was employed on a part-time basis. Plaintiff Forauer is an adult resident of the state of Vermont.

7. Plaintiff Forauer is an employee as defined by 29 U.S.C. §203(e).

8. Plaintiff Forauer's consent form to join this action is attached as Exhibit A.

9. As this case proceeds, it is likely that other individuals will also sign consent forms and joint this action as opt-in plaintiffs.

## FLSA COLLECTIVE ACTION ALLEGATIONS

10. Plaintiff Forauer brings this action on behalf of herself and other similarly situated individuals pursuant to 29 U.S.C. §216(b). Plaintiff Forauer and those similarly situated are individuals who were, or are, employed by defendant in customer service, technical support, and similar positions in its call center and were not paid for some of their work activities.

11. Plaintiff Forauer and the similarly situated individuals are similar because their duties consisted primarily of providing customer service by telephone or online chat or email while working in Defendant's call center(s). They are also similar because Defendant did not pay them for some of the time worked that occurred before and after the scheduled shift.

12. Defendant knowingly required Plaintiff Forauer and the similarly situated individuals to perform unpaid work before their shifts. This work included, but was not limited to time spent at the start of the shift:

   a. Turning on and booting-up the computer,
   b. Logging on to the computer,
   c. Initializing multiple software programs,
   d. Opening the VCS website,
   e. Reviewing work-related emails and intranet messages,
   f. Initializing the timekeeping software, and
   g. Initializing the phone to accept calls.

13. Defendant knowingly required Plaintiff Forauer and the similarly situated individuals to perform unpaid work during breaks and after their shift, including but not limited to time spent:

   a. Reviewing the work schedule and requesting changes in the schedule,
   b. Documenting daily activities,
   c. Closing down multiple software programs,
   d. Closing down the VCS website, and
   e. Closing down the computer.

14. Plaintiff Forauer and similarly situated individuals were not paid wages for all hours worked.

15. Defendant did not have a process or procedure in place whereby Plaintiff Forauer or those similarly situated could recover this time spent working prior to or after their scheduled shifts.

16. Defendant's actions were knowing and willful. Defendant was aware that Plaintiff Forauer and the similarly situated individuals were working time for which they were not compensated. For example, Defendant instructed them to arrive before their scheduled shifts in order to perform preliminary activities in order to be ready to take calls the moment their scheduled shifts began. In addition, Defendant had policies in place that would adversely affect the performance scores of Plaintiff Forauer and those similarly situated if they were not ready to take a phone call at the start of their scheduled shifts.

17. Upon information and belief, the amount of uncompensated time Plaintiff Forauer and the similarly situated individuals spend or have spent on these required and unpaid work activities amounts to an average of between twenty and thirty minutes per shift per person.

18. Upon information and belief, there are numerous individuals who have also been denied pay by Defendant's FLSA violations, and who would benefit from court-supervised notice of this lawsuit and the opportunity to join. These similarly situated individuals are known to Defendant and are readily identifiable through Defendant's records.

19. Plaintiff Forauer and the similarly situated persons perform or performed the same primary duties.

20. Defendant's unlawful conduct has been widespread, repeated, and consistent.

## COUNT I

### VIOLATION OF THE FLSA

21. Plaintiff incorporates all paragraphs in this Complaint by reference herein.

22. During the statutory period, Plaintiff Forauer and the similarly situated individuals were employed by Defendant in technical support, customer service, and similar positions at its call center(s).

23. The FLSA, 29 U.S.C. §206, requires employers to pay employees for all hours worked.

24. Defendant's actions, policies and practices described above violated the FLSA's minimum wage requirements by regularly and repeatedly failing to compensate Plaintiff Forauer and the similarly situated individuals for time spent on work activities as described in this Complaint.

25. Defendant knew, or showed reckless disregard for the fact that it failed to pay Plaintiff Forauer and the similarly situated individuals for hours worked.

26. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff Forauer and the similarly situated individuals have suffered and will continue to suffer a loss of income and other damages. Plaintiff Forauer and the similarly situated individuals are entitled to liquidated damages and are also entitled to attorneys' fees and costs incurred in connection with this claim.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Forauer, individually and on behalf of those similarly situated, prays for relief as follows:

A. That Plaintiff Forauer be allowed to give notice of this collective action, or that the Court issue such notice, to all hourly workers who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked at the Defendant's call

center(s) in customer service, technical support, and similar positions. Such notice shall inform then that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

    B.    Judgment against Defendant for an amount equal to Plaintiff Forauer's and similarly situated individuals' unpaid back wages, unpaid minimum wages, and unpaid overtime wages;

    C.    An equal amount as liquidated damages;

    D.    An award of prejudgment and post-judgment interest;

    E.    Leave to add additional plaintiffs by the filing of written consent forms, or any other method approved by the Court;

    F.    Costs and attorneys' fees to the extent allowed by law;

    G.    Issuance of a declaratory judgment that the practices complained of are unlawful under the FLSA; and

    H.    Such further relief as the Court deems just and equitable.

DATED: December 10, 2012

MEUB GALLIVAN & LARSON, ATTORNEYS, P.C.

By: _____
Erin Gallivan, Esq.
Christopher Larson, Esq.
65 Grove Street
Rutland, VT 05701
Telephone (802) 747-0610
Fax (802) 747-9268
gallivan@yourvtlawyer.com
larson@yourvtlawyer.com

Attorneys for Named Plaintiffs and the Putative Class