UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2014 JUN 11  AM 11: 00

CLERK
BY _____
DEPUTY CLERK

DOREEN FORAUER, NANCY J. BART,          )
MICHAEL MULLADY, CANDY MANNING,  )
JOLENE KALANQUIN, GWENDOLYN C.      )
TAFT, COURTNEY TOWLE, CANDICE          )
MAYETTE, ROBERT MIDDLETON,             )
MARISSA FITZGERALD, SUSAN D.              )
CLARK, LINDA J. KASUBA, MATTHEW       )
MARTINDALE, MARK W. MILLER,              )
MARY LOU CAMERON, DONNA G.               )
PRIOLO, RONALD S. AUSTIN, JAMIE          )
TUCKER, CAROLE KULIKOWSKI,                 )
DEVON R. AUSTIN, DEBBIE BEZIO,             )
AMANDA PRITCHARD, CAROL JEAN           )
PRITCHARD, LINDA STOCKER REUTHER, )
and DEBORAH CONNORS,                            )
                                                                         )
          Plaintiffs,                                                 )
                                                                         )
     v.                                                                   )          Case No. 5:12-cv-276
                                                                         )
THE VERMONT COUNTRY STORE, INC.,   )
                                                                         )
          Defendant.                                              )

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO COMPEL CERTAIN PLAINTIFFS
TO ATTEND DEPOSITION**
(Doc. 57)

        Pending before the court is Defendant Vermont Country Store, Inc.'s ("VCS")

motion to compel certain Plaintiffs to attend their depositions in this conditionally-

certified action under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (the "FLSA").

(Doc. 57.)  Plaintiffs include named Plaintiff, Doreen Forauer, and twenty-four opt-in

Plaintiffs.  Plaintiffs allege that VCS required them and other similarly-situated

employees to perform certain duties before and after their shifts for which the employees

were not compensated in a violation of the FLSA, 29 U.S.C. § 206, which requires employers to pay all employees at least the minimum wage for all hours worked.

At this juncture, at least a portion of the Plaintiffs have refused, without explanation, to attend their depositions, and four Plaintiffs who currently reside outside Vermont, including Ms. Forauer, refuse to attend in person and seek an alternative means for taking their depositions that would not require them to travel to Vermont.

Because VCS contends it is entitled to depose all Plaintiffs who opted-in, including the named Plaintiff, VCS requests the court to order all Plaintiffs to attend their depositions in person in Vermont.

Plaintiffs oppose the motion to compel, arguing that VCS is not entitled to depose all Plaintiffs because VCS has already deposed a sufficient sample of Plaintiffs. Plaintiffs request that if the court orders them to attend their depositions, they be allowed to attend remotely so that Plaintiffs who now reside outside of the state do not have to travel to Vermont.

The court took the matter under advisement on April 17, 2014.

Plaintiffs are represented by Christopher J. Larson, Esq. and Erin H. Gallivan, Esq. VCS is represented by Andrew H. Maass, Esq.

I.    **Factual and Procedural Background.**

After filing the pending action on December 11, 2012, Ms. Forauer, the named Plaintiff, sought conditional certification of a collective action, pursuant to 29 U.S.C. § 216(b), for "a class of all current and former Telemarketing Sales Representatives and Customer Service Representatives employed by The Vermont Country Store within three years prior to the date of the [court's] order, who worked for [The Vermont Country Store] but were not paid minimum wages for a portion of the hours worked." (Doc. 7-1 at 1.) On July 31, 2013, the court granted Ms. Forauer's motion for conditional certification of a collective action under the FLSA and conditionally certified a class of all current and former telemarketing sales representatives and customer service representatives employed by VCS within three years prior to the date of the July 31, 2013

Opinion and Order. *See Forauer v. Vt. Country Store, Inc.*, 2013 WL 3967932, at *7 (D. Vt. July 31, 2013).

During the pendency of the subsequent 60-day opt-in period, twenty-four Plaintiffs filed Consents to become a party plaintiff. On February 13, 2014, VCS noticed the depositions of all twenty-five Plaintiffs. Of the twenty-five Plaintiffs, the named Plaintiff, Ms. Forauer, and three opt-in Plaintiffs, Michael Mullady, Candice D. Mayette, and Donna G. Priolo, informed VCS that they would not appear in person in Vermont for their depositions because they no longer reside there.[1] When Plaintiffs' counsel offered for Plaintiffs to appear by telephone or video, VCS insisted that all Plaintiffs appear in person for deposition. Two additional opt-in Plaintiffs, Linda Kasuba and Matthew G. Martindale, failed to appear at their scheduled depositions without explanation.[2]

After the parties attempted in good faith to resolve this dispute, on April 1, 2014, VCS filed the pending motion to compel the depositions of the named Plaintiff, Ms. Forauer, and the five opt-in Plaintiffs, who include Mr. Mullady, Ms. Mayette, Ms. Priolo, Ms. Kasuba, and Mr. Martindale.

---

[1] The deposition of Ms. Forauer was scheduled for Friday, February 28, 2014, in Rutland, Vermont. Ms. Forauer was a Vermont resident when she filed this action, and she later moved to Arizona. She currently resides in Virginia, and she was unable to arrange to travel to Vermont for her deposition. Plaintiffs' counsel proposed a telephonic deposition. The deposition of Michael Mullady was scheduled for Thursday, February 27, 2014, in Rutland, Vermont. Mr. Mullady currently resides in South Carolina, and he was unable to arrange travel to appear at his deposition in Rutland, Vermont. The deposition of Candice D. Mayette was scheduled for Wednesday, March 19, 2014, in Rutland, Vermont. Ms. Mayette currently resides in Missouri, and she refuses to appear in person for her deposition. Plaintiffs' counsel proposed a telephonic deposition. The deposition of Donna G. Priolo was scheduled for Thursday, April 10, 2014, in Rutland, Vermont. Ms. Priolo currently resides in Ohio, and she refuses to appear in person for her deposition. Plaintiffs' counsel proposed a deposition by telephone or video. VCS's counsel represents that he has "agreed to disagree" as to whether the four out-of-state Plaintiffs must attend in person. (Doc. 57-1 at 4, ¶ 13.)

[2] The deposition of Linda Kasuba was scheduled for Wednesday, March 19, 2014, in Rutland, Vermont. Plaintiffs' counsel was "unable to confirm" her attendance for deposition. (Doc. 57-8 at 1.) The deposition of Matthew G. Martindale was scheduled for Wednesday, March 19, 2014, in Rutland, Vermont. Plaintiffs' counsel was "unable to confirm" his attendance for deposition. (Doc. 57-8 at 1.)

Since VCS filed the pending motion to compel, an additional six Plaintiffs[3] have apparently refused to attend their depositions that were scheduled for various dates in April 2014, although any explanation for their failure to do so was not provided to the court.

## II.     Conclusions of Law and Analysis.

### A.     Whether VCS Is Entitled to Depose All Plaintiffs in This FLSA Action.

Generally, "[w]hen an individual voluntarily chooses to participate in [a] lawsuit, he [or she] takes on the obligation to provide discovery about his [or her] claim." *Morangelli v. Chemed Corp.*, 2011 WL 7475, at *1 (E.D.N.Y. Jan. 1, 2011). Indeed, Fed. R. Civ. P. 37(d) imposes on a "party" the obligation to be deposed after "proper notice," and the five Plaintiffs here, in addition to the named Plaintiff who filed the action, became parties to the pending action by voluntarily filing their Consents.

District courts "have adopted various approaches to the scope of discovery permitted in FLSA actions." *Khadera v. ABM Indus. Inc.*, 2011 WL 3651031, at *2 (W.D. Wash. Aug. 18, 2011). Generally, there are "two lines of cases regarding individualized discovery in opt-in class actions": one allowing all opt-in plaintiffs to be subject to discovery and one allowing only a sample of opt-in plaintiffs to be subject to discovery. *Coldiron v. Pizza Hut, Inc.*, 2004 WL 2601180, at *2 (C.D. Cal. Oct. 25, 2004).

A "number" of district courts presiding in FLSA actions "have concluded that large-scale individualized discovery . . . is neither appropriate nor necessary in FLSA cases." *Craig v. Rite Aid Corp.*, 2011 WL 9686065, at *3 (M.D. Pa. Feb. 7, 2011) (collecting cases). These courts have concluded that "collective actions under the FLSA should be governed by the same standards as govern discovery in [Fed. R. Civ. P. 23] class actions and should be limited to only class wide and class based discovery" because "[t]o permit individualized discovery . . . would undermine the purpose and utility of both class and collective actions." *Smith v. Lowe's Home Ctrs., Inc.*, 236 F.R.D. 354, 357

---

[3] These Plaintiffs are Carole Kulikowski, Jamie Tucker, Mary Lou Cameron, Linda Stocker Reuther, Carol Jean Pritchard, and Amanda Pritchard.

(S.D. Ohio 2006); *see also Cranney v. Carriage Servs., Inc.*, 2008 WL 2457912, at *3 (D. Nev. June 16, 2008) ("Permitting the full scope of discovery authorized by the Federal Rules of Civil Procedure would undermine the purpose of conditionally certifying a collective action and would be unreasonably burdensome and wasteful of the parties' and the court's resources."); *McGrath v. City of Philadelphia*, 1994 WL 45162, at *2-3 (E.D. Pa. Feb. 10, 1994) (analogizing FLSA collective action to Rule 23 class action and concluding that allowing "individualized discovery" in a FLSA action "would only serve to obfuscate the issues and drastically enhance the costs of litigation" and that "[s]uch a result cannot be countenanced"); *Adkins v. Mid-Am. Growers, Inc.*, 143 F.R.D. 171, 174 (N.D. Ill. 1992) (concluding individualized discovery "too onerous" and that "plaintiffs should be deposed on a representative basis by job category").

Courts declining to allow individualized discovery have authorized a defendant to depose only "a statistically significant representative sampling" of the plaintiffs, particularly when the opt-in plaintiffs are numerous. *Smith*, 236 F.R.D. at 357-58 (finding that "a statistically significant representative sampling . . . will both reasonably minimize the otherwise extraordinary burden imposed on the plaintiffs and their counsel and yet afford the defendant a reasonable opportunity to explore, discover[,] and establish an evidentiary basis for its defenses") (footnote omitted); *see also Morangelli*, 2011 WL 7475, at *1 (authorizing "sample depositions" of 10 percent of opt-in plaintiffs); *Craig*, 2011 WL 9686065, at *1, *5 (authorizing in FLSA action with over 1,000 plaintiffs a random selection of 50 opt-in plaintiffs for deposition); *Cranney*, 2008 WL 2457912, at *3 (limiting in a FLSA action "the individualized discovery defendants may obtain from the plaintiffs to ten per cent of a relevant combination of workers and work sites for the opt-in plaintiffs, unless, for good cause shown, the defendants demonstrate a need for additional discovery"); *Bradford v. Bed Bath & Beyond, Inc.*, 184 F. Supp. 2d 1342, 1344 (N.D. Ga. 2002) (authorizing parties in a FLSA collective action of over 300 opt-in plaintiffs to conduct discovery from twenty-five of the opt-in plaintiffs, including the named plaintiffs and six other opt-in plaintiffs chosen by the defendant).

Other courts treat "opt-in plaintiffs in a [FLSA] collective action as ordinary party plaintiffs subject to the full range of discovery permitted by the Federal Rules of Civil Procedure." *Khadera*, 2011 WL 3651031, at *2. These courts have allowed individual discovery regardless of class size based on the two-step process for determining whether a FLSA action should proceed as a collective action pursuant to § 216(b):

> The first step involves the court making an initial determination to send notice to potential opt-in plaintiffs who may be "similarly situated" to the named plaintiffs with respect to whether a FLSA violation has occurred. . . . At the second stage, the district court will, on a fuller record, determine whether a so-called "collective action" may go forward by determining whether the plaintiffs who have opted in are in fact "similarly situated" to the named plaintiffs. The action may be "de-certified" if the record reveals that they are not, and the opt-in plaintiffs' claims may be dismissed without prejudice.

*Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010) (internal citations omitted) (noting the "two-step method" is "sensible"). Because of the second step in which a defendant can seek de-certification, "numerous" courts have held that it is "essential for a defendant to take individualized discovery of the opt-in plaintiffs to determine if they are 'similarly situated' within the meaning of [the] FLSA." *Khadera*, 2011 WL 3651031, at *3 (collecting cases); *see also Abubakar v. City of Solano*, 2008 WL 508911, at *1, *2 (E.D. Cal. Feb. 22, 2008) (concluding "individualized discovery" of 160 FLSA plaintiffs was "appropriate" when defendant indicated it would be challenging whether FLSA plaintiffs were similarly situated); *Coldiron*, 2004 WL 2601180, at *2 (concluding the defendant could "conduct individualized discovery from the [306] opt-in plaintiffs" when "the question of whether the plaintiffs are similarly situated within the meaning of 29 U.S.C. § 216(b) [was] still an issue because [the defendant] plainly intend[ed] to move to decertify the class").

Here, the court conditionally certified "a class of all current and former telemarketing sales representatives and customer service representatives employed by The Vermont Country Store within three years prior to the date of this Opinion and Order, dated July 31, 2013." *Forauer*, 2013 WL 3967932, at *7. Pursuant to 29 U.S.C.

§ 216(b), the named Plaintiff, Ms. Forauer, may proceed against VCS "for and in behalf of" herself and "other employees" who are "similarly situated." *See* 29 U.S.C. § 216(b) ("An action to recover the liability prescribed in [this section] may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."). VCS represents it will challenge whether the twenty-four Plaintiffs "who have opted in are in fact 'similarly situated'" to Ms. Forauer. *Myers*, 624 F.3d at 555. Because this appears to be an inherently individualized inquiry, VCS is entitled to depose all Plaintiffs who have voluntarily opted in to this FLSA action. *See Myers*, 624 F.3d at 554-55. Courts have authorized individualized discovery even when there are numerous opt-in plaintiffs, *see Coldiron*, 2004 WL 2601180, at *2 (306 FLSA plaintiffs), and have done so even when the issue is not simply an inquiry into hours worked, which appears to be the case here, but a more complicated inquiry into the working environment. *See, e.g.*, *Krueger v. N.Y. Tel. Co.*, 163 F.R.D. 446, 451-52 (S.D.N.Y. 1995) (authorizing discovery (interrogatories) to all 162 opt-in plaintiffs in a collective action under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 ("ADEA"), an opt-in collective action that employs the same framework and "similarly situated" standard as a FLSA collective action); *Kaas v. Pratt & Whitney*, 1991 WL 158943, *5 (S.D. Fla. Mar. 18, 1991) (authorizing individualized discovery from all 100 opt-in plaintiffs in ADEA case, and ordering plaintiffs to respond to interrogatories, requests for production, and depositions).

When courts have authorized discovery for only a representative sample of plaintiffs, they have generally done so in which it would be impracticable, if not impossible, to depose each plaintiff.[4] *See, e.g.*, *Craig*, 2011 WL 9686065, at *1 (1,073

---

[4] Because there are only twenty-five Plaintiffs in this case, it is unclear what percentage of Plaintiffs would represent "a statistically significant representative sampling." *Smith*, 236 F.R.D. at 357; *see also Rosen v. Reckitt & Colman, Inc.*, 1994 WL 652534, at *3-4 (S.D.N.Y. Nov. 17, 1994) (rejecting plaintiffs' argument that defendant be allowed to depose only a representative percentage of a class of fifty opt-in plaintiffs as "fatally flawed as a matter of elementary statistics, because the size of the instant class is small," and ordering that defendants could

opt-in plaintiffs); *Smith*, 236 F.R.D. at 356 (over 1,500 opt-in plaintiffs); *McGrath*, 1994 WL 45162, at *1 (over 4,100 present and former police officers opted in). There are twenty-five Plaintiffs in this case, and thus individualized depositions remain feasible. *See Rivera v. UBM Enter., Inc.*, 2014 WL 462586, at *3 (N.D. Tex. Feb. 5, 2014) ("[I]nsofar as discovery should be individualized, there is no basis to order that the case should proceed through representative testimony when a total of only [sixteen] plaintiffs are at issue."); *Allen v. Sears Roebuck & Co.*, 2010 WL 1417644, at *2 (E.D. Mich. Apr. 5, 2010) (denying opt-in plaintiffs' motion to quash deposition notices because "class" of twenty was "small"); *Renfro v. Spartan Computer Servs., Inc.*, 2008 WL 821950, at *3 (D. Kan. Mar. 26, 2008) (overruling objections to magistrate judge's order that denied FLSA plaintiffs' motion for protective order as to twenty-seven noticed depositions); *Ingersoll v. Royal & Sunalliance USA, Inc.*, 2006 WL 2091097, at *3 (W.D. Wash. July 25, 2006) (permitting written and deposition discovery of all named and opt-in plaintiffs, totaling thirty-six plaintiffs).

   Considering "whether representative discovery is appropriate in FLSA collective actions," courts may also consider whether "the discovery sought is unduly burdensome" pursuant to Fed. R. Civ. P. 26(b)(2)(C). *Rivera*, 2014 WL 462586, at *2; *see also Cranney*, 2008 WL 2457912, at *3 (noting in a FLSA action that Rule 26(b)(2)(C) "gives the court broad discretion to limit the frequency or extent of use of the discovery methods otherwise permitted by the Federal Rules of Civil Procedure"). Rule 26(b)(2)(C) allows a district court to "limit the frequency or extent of discovery" if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," or if "the party seeking

---

depose all fifty plaintiffs in the "relatively small" class); *Daniel v. Quail Int'l, Inc.*, 2010 WL 55941, at *1 (M.D. Ga. Jan. 5, 2010) (permitting individualized discovery of thirty-nine opt-in plaintiffs in FLSA action because plaintiffs failed to demonstrate that individualized discovery of 15 percent of the class was "statistically significant"); *Ingersoll v. Royal & Sunalliance USA, Inc.*, 2006 WL 2091097, at *3 (W.D. Wash. July 25, 2006) (rejecting plaintiffs' "suggestion" that the court "allow discovery of only a small representative sample" of a class of thirty-six plaintiffs because the suggestion "ignores the fact that th[e] matter involves a relatively small total number of named and opt-in plaintiffs").

discovery has had ample opportunity to obtain the information by discovery in the action," or if "the burden or expense of the proposed discovery outweighs its likely benefit." In ordering all twenty-five Plaintiffs to appear for deposition, the court concludes that the burden or expense of the proposed discovery does not outweigh VCS's need for deposition testimony from Plaintiffs in light of the two-step process of certification of a collective action under the FLSA. *See Rivera*, 2014 WL 462586, at *3 (finding that plaintiffs failed "to establish that individualized discovery of approximately [sixteen] opt-in plaintiffs [would] be overly oppressive or unduly burdensome or expensive" and that plaintiffs failed to further establish "how representative discovery would minimize these burdens yet still afford [d]efendants a reasonable opportunity to explore, discover, and establish an evidentiary basis for its defenses").

Accordingly, the court GRANTS IN PART VCS's motion to compel, and the court ORDERS that all Plaintiffs in this FLSA action appear for deposition.

**B.      Whether Plaintiffs Residing Outside Vermont Must Appear in Person.**

Fed. R. Civ. P. 30(b)(1) provides that any "party who wants to depose a person by oral questions must give reasonable written notice" and that the "notice must state the time and place of the deposition." "The general rule for the situs of a deposition is that the 'party noticing the deposition usually has the right to choose the location.'" *United States v. One Gulfstream G-V Jet Aircraft Displaying Tail No. VPCES*, 2014 WL 1871342, at *1 (D.D.C. May 9, 2014) (quoting *Buzzeo v. Bd. of Educ., Hempstead*, 178 F.R.D. 390, 392 (E.D.N.Y. 1998)). Moreover, "[i]t is well-settled that because a plaintiff chooses the forum in which to exercise [his or] her rights, such plaintiff is ordinarily required to make [himself or] herself available for deposition in the jurisdiction in which the action was brought." *Price v. Priority Transp.*, 2008 WL 4515093, at *1 (W.D.N.Y. Oct. 1, 2008); *accord A.I.A. Holdings, S.A. v. Lehman Bros., Inc.*, 2002 WL 1041356, at *1 (S.D.N.Y. May 23, 2002); *see also* 8A Fed. Prac. & Proc. Civ. § 2112 (3d ed.) ("Ordinarily, plaintiff will be required to make himself or herself available for examination in the district in which suit was brought. Since plaintiff has selected the forum, he or she will not be heard to complain about having to appear there for a

deposition.") (footnotes omitted).  FLSA plaintiffs are thus generally required to appear for deposition in the jurisdiction where the FLSA action was filed.  *See Gipson v. Sw. Bell Tel. Co.*, 2008 WL 4499972, at *5-6 (D. Kan. Oct. 1, 2008) (denying plaintiffs' request for a protective order when the FLSA plaintiffs presented "no persuasive reason to deviate from the general rule that a plaintiff should be deposed in the forum district where he or she chose to file the lawsuit" and plaintiffs opted in "knowing that it [was] inevitable that they [would] incur some expenses and loss of time on account of their depositions").

Nonetheless, "when a dispute arises about the location of a deposition, the final determination is within the discretion of the Court."  *One Gulfstream*, 2014 WL 1871342, at *2; *see also Bank of N.Y. v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 155 (S.D.N.Y. 1997) ("[C]ourts retain substantial discretion to designate the site of a deposition.").  The Federal Rules of Civil Procedure "give district courts broad discretion to manage the manner in which discovery proceeds."  *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 69 (2d Cir. 2003).  Fed. R. Civ. P. 26(c)(1)(B) specifically authorizes a district court to "issue an order . . . specifying terms, including time and place, for the disclosure or discovery," in order to protect a party from, *inter alia*, "undue burden or expense."  Pursuant to Fed. R. Civ. P. 30(b)(4), a district court may order "that a deposition be taken by telephone or other remote means."

Such alternative means may be appropriate in a FLSA action.  *See Morangelli*, 2011 WL 7475, at *1 (permitting depositions of opt-in plaintiffs in FLSA action to be taken by phone or video); *see also Allen*, 2010 WL 1417644, at *2 (directing that opt-in plaintiffs who resided more than one hundred miles from the location where the deposition was to take place were not required to travel unless the defendants paid those plaintiffs' reasonable travel expenses, including airfare, hotel, and rental car expenses if needed, or, in lieu of in-person depositions, defendants could take telephone or video conference depositions of the opt-in plaintiffs).  Courts that decline to force plaintiffs in a FLSA action to travel to be deposed do so, in part, because of the nature of the FLSA collective action:

> One of the chief advantages of opting into a collective action . . . is that it "lower[s] individual costs to vindicate rights by the pooling of resources." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). [This] advantage would be significantly reduced or even eliminated if the proposed deponents are required to travel hundreds of miles for their depositions.

*Gee v. Suntrust Mortg., Inc.*, 2011 WL 5597124, at *2 (N.D. Cal. Nov. 15, 2011) (denying motion to compel three named plaintiffs and twenty-five opt-in plaintiffs to appear in person and ordering that defendant could conduct in-person depositions in fourteen cities proposed by the plaintiffs or alternatively could conduct depositions via videoconference).

In this case, the court finds that, "considering the policy behind the FLSA [of] encouraging collective actions so that [P]laintiffs may pool their resources, requiring the out-of-state [Plaintiffs] to travel to [Vermont] for a deposition would place a burden on them that would cancel much of the benefit gained by joining in the collective action." *Brasfield v. Source Broadband Servs., LLC*, 255 F.R.D. 447, 450 (W.D. Tenn. 2008); *see also Smith v. Family Video Movie Club, Inc.*, 2012 WL 4464887, at *3 (N.D. Ill. Sept. 27, 2012) (concluding in FLSA action where opt-in plaintiffs were low-paid, near-minimum-wage retail workers whose individual claims for unpaid wages were modest that ordering opt-in plaintiffs to appear in that district for their depositions "would be burdensome and would undermine the benefits of the collective FLSA action"); *Gee*, 2011 WL 5597124, at *2 (agreeing with plaintiffs' argument that "requiring the deponents to travel to the cities selected by [the defendant] for their depositions would be unduly burdensome and expensive for them, which contradicts the purpose of joining a collective action brought under the FLSA"). While VCS is correct to point out that Plaintiffs have voluntarily opted in to a lawsuit in the District of Vermont, they "did not choose the forum; the forum was chosen for them," *Brasfield*, 255 F.R.D. at 450, because it is in the District of Vermont where Plaintiffs' cause of action arises.

Moreover, VCS cites no compelling reason why the depositions of the out-of-state Plaintiffs cannot occur by alternative means. *See Geer v. Challenge Fin. Investors Corp.*,

2007 WL 1341774, at *4-5 (D. Kan. May 4, 2007) (noting that generally "a party seeking to avoid or limit discovery based on burdensomeness cannot rely on bare assertions of burden but has the duty to come forward with evidence or affidavits to show the nature and extent of the burden" but nonetheless finding that defendants had not convinced the court "that oral depositions of all opt-in plaintiffs are necessary or that all such opt-in Plaintiffs should be required to travel to [the forum] for their depositions or that there is some logical reason why certain depositions could not occur by telephone"). In fact, "[p]arties routinely conduct depositions via videoconference, and courts encourage the same, because doing so minimizes travel costs." *Gee*, 2011 WL 5597124, at *3; *see also WIHO, LLC v. Hubbauer*, 2013 WL 6044424, at *2 (D. Kan. Nov. 14, 2013) ("Conducting the depositions by videoconference addresses the concerns associated with telephonic depositions, such as depriving the opposing party of the opportunity for face-to-face confrontation or the opportunity to evaluate the deponent's nonverbal responses and demeanor.") (footnote omitted).

The court thus DENIES VCS's motion to compel the out-of-state Plaintiffs to appear in person in Vermont for their depositions, and the court ORDERS that these Plaintiffs may be deposed by remote means pursuant to Rule 30(b)(4).

### C.    Whether Sanctions Are Appropriate.

A district court "may, on motion, order sanctions if . . . a party . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i).

> Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d)(3).

VCS requests that the court order dismissal of any Plaintiffs who refuse or fail to appear at their depositions. "Clearly, the most severe of these sanctions for a disobedient

plaintiff is the dismissal of [the] action," or dismissal of a plaintiff from the action. *S.E.C. v. Razmilovic*, 738 F.3d 14, 24 (2d Cir. 2013), *cert. denied*, 134 S. Ct. 1564 (2014). Dismissal "should be ordered only when the district judge has considered lesser alternatives," and "[n]o sanction should be imposed without giving the disobedient party notice of the particular sanction sought and an opportunity to be heard in opposition to its imposition." *Id.* (internal quotation marks and citations omitted). Because Plaintiffs have not yet been notified of the possibility of dismissal from this action, sanctions are not warranted. *See S. New England Tel. Co. v. Global NAPS Inc.*, 624 F.3d 123, 144 (2d Cir. 2010) (directing district courts to consider, among other factors, "whether the non-compliant party had been warned of the consequences of noncompliance") (internal quotation marks omitted). However, Plaintiffs are hereby notified that if they fail to appear for their depositions without good cause, they may be dismissed from this action.

VCS submits that it is entitled to attorney's fees it incurred in filing its motion to compel. In this case, at least some of Plaintiffs refused to attend their depositions because of a good faith belief that they were not required to do so in a FLSA action. Because district courts take divergent views on whether plaintiffs in a FLSA action are subject to individualized discovery and whether those plaintiffs must appear in person for their depositions, Plaintiffs' position was not unreasonable. Accordingly, Plaintiffs' failure to attend their depositions was "substantially justified" in light of the parties' genuine legal dispute regarding the extent of discovery. *See Comprehensive Habilitation Servs., Inc. v. Commerce Funding Corp.*, 240 F.R.D. 78, 87 (S.D.N.Y. 2006) (explaining that a discovery dispute is "substantially justified" if based on the parties' "differing interpretations of the [relevant] law, . . . unless it involves an unreasonable, frivolous[,] or completely unsupportable reading of the law") (internal quotation marks omitted); *see also La Piel, Inc. v. Richina Leather Indus. Co.*, 2013 WL 1315125, at *16 (E.D.N.Y. Mar. 29, 2013) (explaining substantial justification turns on whether "there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action") (internal quotation marks omitted). The court therefore DENIES VCS's request for attorney's fees.

## CONCLUSION

For the foregoing reasons, the court GRANTS IN PART and DENIES IN PART VCS's motion to compel certain Plaintiffs to attend deposition. (Doc. 57.)  Plaintiffs who have not yet been deposed are ordered to appear for their depositions.  Failure to do so without good cause may result in dismissal of those Plaintiffs from this action.  The four Plaintiffs who currently reside outside the State of Vermont may appear for their depositions by remote means pursuant to Rule 30(b)(4).

SO ORDERED.

Dated at Rutland, in the District of Vermont, this  11th  day of June, 2014.

Christina Reiss, Chief Judge
United States District Court